UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANILO AUGUSTO FELICIANO<br>also known as<br>DANIL EZEKIEL FAUST,<br><br>Petitioner,<br><br>v.<br><br>MERRICK GARLAND<br>*Attorney General of the United States*,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.  23-02522 (UNA)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION**

Petitioner, appearing *pro se*, has filed a "Petition for a Writ in the Nature of a Mandamus" and an application to proceed *in forma pauperis*. For the following reasons, the application will be granted, and this case will be dismissed.

The mandamus statute confers upon federal district courts jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. As "an option of last resort," *Illinois v. Ferriero*, 60 F.4th 704, 714 (D.C. Cir. 2023) (citation omitted), mandamus relief is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). If "all three of these threshold requirements" are not met, the Court must dismiss the petition for lack of subject-matter jurisdiction. *Ferriero*, 60 F.4th at 714. "In other words, mandamus jurisdiction under § 1361 merges with the merits." *Lovitky v. Trump*, 949 F.3d 753, 759 (D.C. Cir. 2020) (cleaned up).

The pleading is difficult to follow. Petitioner, a District of Columbia resident, states the following. Between 2016 and 2018, he was an unsuccessful candidate for several offices in Louisiana and placed third in a run for U.S. Congress to represent Louisiana's First District. ECF No. 9 at 3 (Amended Petition). In addition, Petitioner voted in the 2022 federal election via Louisiana's electronic ballot system. *Id*. at 5. Petitioner posits that the Help America Vote Act of 2002 (HAVA), codified at 52 U.S.C. §§ 20901 *et seq*., requires the State of Louisiana to maintain permanent "paper records of electronic 'ballots' cast by [its] voters." ECF No. 9 at 2, 6. His attempts "to notify Louisiana's Secretary of State and the Louisiana Elections Board" of the requirement have "been ignored and dismissed since 2018." *Id*. at 2. Petitioner cites 52 U.S.C. § 20701—titled Retention and Preservation of Records and Papers by Officers, and § 20703—titled Demand for Records or Papers by Attorney General or Representative. ECF No. 9 at 1. But neither provision creates the duty Petitioner describes. *See id*. § 20703 (requiring only that the custodian of "[a]ny record *or* paper required by section 20701" make such available "upon demand in writing by the Attorney General or his representative" for "inspection, reproduction, and copying") (emphasis added)).

At best, Petitioner seeks issuance of the writ to compel Attorney General Merrick Garland to file a civil action authorized by HAVA. *See* ECF No. 9 at 4 ("Petitioner brings this action under HAVA and the Mandamus Act") (cleaned up)); *id*. at 16 (citing 52 U.S.C. § 21111); *cf. Am. C.R. Union v. Philadelphia City Commissioners*, 872 F.3d 175, 184 (3d Cir. 2017) ("The HAVA does not include a private right of enforcement. By its text, the HAVA only allows enforcement via attorney general suits or [a State-based] administrative complaint.") (citing §§ 21111, 21112). Section 21111 states that the Attorney General "may bring a civil action against any State . . . for such declaratory and injunctive relief . . . as may be necessary to carry out the uniform and

nondiscriminatory election technology and administration requirements under [enumerated] sections of this title." *Id*.  It is settled "that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).  In the absence, as here, of "specific legislation requiring particular action by the Attorney General" and setting "forth specific enforcement procedures," *Adams v. Richardson*, 480 F.2d 1159, 1162 (D.C. Cir. 1973), "[m]andamus will not lie to control the exercise of this discretion," *Powell v. Katzenbach*, 359 F.2d 234, 234 (D.C. Cir. 1965) (per curiam).  Consequently, this case will be dismissed by separate order.[1]

Date: October 17, 2023

_____/s/_____
JIA M. COBB
United States District Judge

---

[1] To the extent Petitioner seeks alternative relief under the Administrative Procedure Act (APA), ECF No. 9 at 16-17 (Count Two), he fares no better because the APA similarly "empowers a court only to compel an agency to perform a ministerial or non-discretionary act." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).